UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHARRON ROSE,

       Plaintiff,                                      Case Number 19-13066

v.                                                  Honorable David M. Lawson

OAKLAND COUNTY TREASURER,
CITY OF SOUTHFIELD, and
SOUTHFIELD NEIGHBORHOOD
REVITALIZATION INITIATIVE, LLC,

       Defendants.
_____/

## OPINION AND ORDER GRANTING MOTIONS TO DISMISS, DENYING MOTION TO STRIKE AMENDED COMPLAINT, DENYING MOTION TO AMEND COMPLAINT, AND DISMISSING CASE WITH PREJUDICE

Plaintiff Sharron Rose lost ownership of her Southfield, Michigan home when she failed to pay her property taxes and a judgment of foreclosure was entered against her in the Oakland County, Michigan circuit court. She challenged that judgment in a separate lawsuit filed in that court, which was dismissed. The state appellate court denied her delayed application for leave to appeal for "lack of merit." She then filed the present case in this Court raising similar claims, which was met by motions to dismiss from each of the defendants. They argue that this case amounts to an appeal of the state court judgment, which this Court lacks jurisdiction to entertain. They also contend that the dismissal of the state court case on the merits forecloses revisiting those issues here. They are correct on both counts. Their motions to dismiss, therefore, will be granted. The plaintiff recently filed a motion to file a second amended complaint, but that proposed pleading suffers from the same defects as the prior complaints. The motion to amend, therefore, will be denied.

I.

Except as otherwise cited, the following facts are taken from the plaintiff's amended complaint.

Plaintiff Sharron Rose lived at 29555 Heritage Lane, Southfield Michigan. In 2011, after a divorce, title to the home was conveyed to her solely, subject to liens of more than $25,000 in back taxes owed to Oakland County. Over the ensuing years, she entered into various repayment agreements with the County, which she struggled to satisfy. In January 2017, Rose entered into another payment plan under which she was required to post a down payment of $6,000 and a first monthly payment of $2,500 by February 1, 2017. Rose could not make those payments, but she did pay $3,000 on February 6, 2017, and another $5,000 on February 13, 2017.

Notwithstanding the plaintiff's attempts to repay the tax debt, Rose's home was included in the schedule of properties subject to tax foreclosures in Oakland County as a parcel under a June 2016 "bulk foreclosure" action authorized by Michigan's General Property Tax Act, Mich. Comp. Laws §§ 211.78 *et seq.* On February 8, 2017, a judgment of foreclosure was entered in the Oakland County, Michigan circuit court vesting the County with fee simple title to the home. Judgment of Foreclosure dated Feb. 8, 2017, ECF No. 4-3, PageID.334-337.

Rose made no attempt to redeem the home from foreclosure within the time allowed, and she did not appeal the foreclosure judgment. Instead, on August 9, 2017, she filed suit against the County in a separate state court civil action. Her complaint pleaded, among other things, that the foreclosure violated her rights under the Fourteenth Amendment's Due Process Clause and was an unconstitutional taking of her property. On June 1, 2018, the state court issued an opinion granting a motion for summary disposition and dismissing all the claims with prejudice, after concluding that there was no improper taking or due process deficiency, and all of the other claims were

without merit. Opinion & Order, *Rose v. Oakland County*, No. 17-160234 (Oakland Cty. June 1, 2018) (ECF No. 4-4, PageID.354-364). Rose filed a delayed application for leave to appeal, which was denied by the Michigan Court of Appeals in a one-line order stating only that the denial was for "lack of merit in the grounds presented." *Rose v. Oakland County*, No. 346309 (Mich. Ct. App. Apr. 4, 2019) (ECF No. 4-5, PageID.366). She did not pursue any further appeal.

The plaintiff filed a complaint in this Court on October 17, 2019, followed by an amended complaint, against Oakland County, the City of Southfield, and the Southfield Neighborhood Redevelopment Initiative. The amended complaint pleads three counts alleging that (1) the foreclosure of the home and seizure of the plaintiff's equity in excess of the back taxes owed was barred by the Excessive Fines Clause of the Eighth Amendment, citing *Timbs v. Indiana*, --- U.S. ---, 139 S. Ct. 682 (2019), (2) the plaintiff's rights to procedural due process were violated by the County's handling of the repayment plans and its unilateral imposition of changes in the plan terms, and (3) the foreclosure of the property was an unconstitutional taking in violation of the Fifth Amendment. The defendants responded separately with their various motions to dismiss. The City of Southfield also filed a motion asking the Court to strike the amended complaint based on the allegedly inartful, profuse, and disorganized drafting of the pleading.

The latest of the motions to dismiss was filed on December 20, 2019, but the plaintiff did not respond timely to any of the defendants' motions. Instead, on February 10, 2020, just two days before the scheduled hearing, the plaintiff filed voluminous purported responses to all three motions comprising hundreds of pages, with no explanation for the untimely filings and no request for permission to file responses out of time. The Court struck those filings because they were late, no explanation for the tardy filings was offered, and the plaintiff never moved to enlarge the

response time. The scheduled oral argument was cancelled. Nevertheless, a read of those stricken papers does not provoke hesitation to address the motions on the papers submitted.

II.

A.

The defendants brought their motions to dismiss under both Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) "provides for the dismissal of an action for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). Defendant Oakland County took the lead with the argument that the plaintiffs' amended complaint amounts to little more than an attack on the state court judgment of foreclosure. Therefore, it says, only the Supreme Court has jurisdiction to entertain such a challenge, according to the *Rooker-Feldman* doctrine. It also argues that the suit is foreclosed by the Anti-Injunction Act, 28 U.S.C. § 1341, because it is an attempt to interfere with the collection of a state tax. The City of Southfield echoes that same argument. So does the City's Redevelopment Initiative.

"The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)). "*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), hold that only the Supreme Court may review judgments entered by state courts in civil litigation." *Fowler v. Benson*, 924 F.3d 247, 254 (6th Cir. 2019). The eponymous "doctrine, therefore, bars a lower federal . . . court from reviewing a plaintiff's claim when a state court's judgment is the source of the plaintiff's injury." *Ibid.*

When assessing whether an action is barred by the doctrine, "'[t]he inquiry [must focus on] the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third-party's actions, then the plaintiff asserts an independent claim.'" *Id.* at 255 (quoting *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). "The doctrine . . . does not bar federal jurisdiction 'simply because a party attempts to litigate in federal court a matter previously litigated in state court.' Instead, [it] applies only where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Berry*, 688 F.3d at 298-99.

To determine the main focus of the plaintiff's grievance on this case — the judgment of foreclosure or, instead, something else — it is useful to consider Michigan's tax foreclosure procedures, which were established by its legislature. *See* Mich. Comp. Laws §§ 211.78 *et seq.* First, "[n]ot later than June 15 in each tax year, the [county seeking foreclosure must] file a single petition with the clerk of the circuit court of that county listing all property forfeited and not redeemed to the county treasurer under [Mich. Comp. Laws § 211.78g] to be foreclosed under [Mich. Comp. Laws § 211.78k] for the total of the forfeited unpaid delinquent taxes, interest, penalties, and fees." Mich. Comp. Laws § 211.78h(1). "The petition shall seek a judgment in favor of the [county] for the forfeited unpaid delinquent taxes, interest, penalties, and fees listed against each parcel of property," and "shall request that a judgment be entered vesting absolute title to each parcel of property in the foreclosing governmental unit, without right of redemption." *Ibid.*

Next, "[i]f a petition for foreclosure is filed under section 78h, not later than the date of the hearing, the [county] shall file with the clerk of the circuit court proof of service of the notice of the show cause hearing under section [Mich. Comp. Laws § 211.78j], proof of service of the notice of the foreclosure hearing under this section, and proof of the personal visit to the property and publication under [Mich. Comp. Laws § 78i]." Mich. Comp. Laws § 211.78k(1).

Once that notice is given, "[a] person claiming an interest in a parcel of property set forth in the petition for foreclosure who desires to contest that petition shall file written objections with the clerk of the circuit court and serve those objections on the [county] before the date of the hearing required under this section." Mich. Comp. Laws § 211.78k(3). "If the court determines that the owner of property subject to foreclosure is a minor heir, is incompetent, is without means of support, or is undergoing a substantial financial hardship, the court may withhold that property from foreclosure for 1 year or may enter an order extending the redemption period as the court determines to be equitable." Mich. Comp. Laws § 211.78k(4).

In all other cases, "[t]he circuit court shall enter final judgment on a petition for foreclosure filed under section 78h at any time after the hearing under this section but not later than the March 30 immediately succeeding the hearing with the judgment effective on the March 31 immediately succeeding the hearing for uncontested cases or 10 days after the conclusion of the hearing for contested cases." Mich. Comp. Laws § 211.78k(5). "All redemption rights to the property expire on the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case 21 days after the entry of a judgment foreclosing the property under this section." *Ibid.* "Except [in cases where the property was exempt from taxation, the tax was illegally levied, or the tax was fraudulently assessed], fee simple title to property set forth in a petition for foreclosure filed under section 78h on which forfeited delinquent taxes, interest,

penalties, and fees are not paid on or before the March 31 immediately succeeding the entry of a judgment foreclosing the property under this section, or in a contested case within 21 days of the entry of a judgment foreclosing the property under this section, shall vest absolutely in the [county], and the [county] shall have absolute title to the property" Mich. Comp. Laws § 211.78k(6).

The Michigan appellate courts have held that, under section 211.78k(6), in cases where "the property owner receives adequate due process, the [state] circuit court does not have jurisdiction to modify or vacate its judgment of foreclosure." *In re Petition of Tuscola County Treasurer for Foreclosure*, 317 Mich. App. 688, 699, 895 N.W.2d 569, 575 (2016) (citing *In re Treasurer of Wayne County for Foreclosure*, 478 Mich. 1, 10, 732 N.W.2d 458, 463 (2007) ("In cases where the foreclosing governmental unit complies with the [General Property Tax Act (GPTA)] notice provisions, MCL 211.78k is not problematic.")).

The plaintiff does not argue here that there was any deviation from this procedure. She does insist, however, that the foreclosure judgment was unfair because the value of her seized house exceeded any tax delinquency that had to be satisfied. Her claims here, therefore, plainly are barred by the *Rooker-Feldman* doctrine, because they amount to a direct assault on the state court judgment of foreclosure through which the County received fee-simple title to the plaintiff's home, without (she contends) paying just compensation for the "equity" in the home in excess of the back taxes owed. The Court lacks jurisdiction to entertain those claims. In her amended complaint, the plaintiff expressly demands that the Court "[s]trike down the [f]oreclosure" as an "unconstitutional taking." Am. Compl., ECF No. 2, PageID.103. The Court cannot do that without invalidating the state court judgment of foreclosure.

The sole avenue for the plaintiff to pursue such a remedy in federal court is through a petition for a writ of *certiorari* to the Supreme Court, not via a civil action filed in a federal district court. Having elected not to appeal the judgment of foreclosure, and after mounting unsuccessfully the same constitutional challenges in state court, the plaintiff now invites this Court to give her another bite at a well-chewed apple by opening a third avenue of attack on the judgment. That, of course, is exactly what *Rooker-Feldman* prohibits. "The doctrine . . . applies [] where a state-court loser initiates an action in federal district court, complaining of injury caused by a state court judgment, and seeks review and rejection of that judgment." *Berry*, 688 F.3d at 298-99. The plaintiff does so explicitly in this case, and therefore this Court has no subject matter jurisdiction to entertain her lawsuit.

B.

The defendants also invoke Rule 12(b)(6), contending for several reasons that the amended complaint fails to state a viable claim. Oakland County argues that even if the suit is not precluded and the Court has jurisdiction, the claims all are barred by *res judicata* because they all were raised or could have been raised in a prior state court lawsuit which was dismissed on the merits. The City of Southfield parrots those same arguments and asserts that the pleadings are defective also because they do not set forth any facts suggesting that the City had any part in the tax foreclosure, and the plaintiff only alleges that the County deeded the property over to the City after the foreclosure was completed. The City's Redevelopment Initiative takes a similar tack in its motion, contending that the pleadings also do not set forth any facts suggesting that the private redevelopment entity played any part in the foreclosure process.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  When reviewing the motion, the Court "must 'construe the complaint in the light most favorable to the plaintiff[] [and] accept all well-pleaded factual allegations as true.'" *Id.* at 951 (quoting *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017)).

When deciding a motion under Rule 12(b)(6), the Court looks only to the pleadings.  *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).  But the Court also may consider the documents attached to them, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), and matters of public record, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010); *see also Cates v. Crystal Clear Tech., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (instructing that "'[w]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.'") (quoting *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)).  However, beyond that, assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

The Court may consider matters of public record in this case, such as the written decisions issued in the plaintiff's related state court lawsuit, without converting this to a motion for summary

judgment. *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017). That includes the claims filed and the adjudications of them in the state courts.

*Res judicata* and its sister doctrine, collateral estoppel, are sometimes referred to, respectively, as claim preclusion and issue preclusion. "Claim and issue preclusion generally prevent parties from raising an argument that they already fully litigated in an earlier legal proceeding." *Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015). "'State-court judgments are given the same preclusive effect under the doctrines of *res judicata* and collateral estoppel as they would receive in courts of the rendering state.'" *Ibid.* (quoting *Ohio ex rel. Boggs v. City of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011)). "In other words, if an individual is precluded from litigating a suit in state court by the traditional principles of *res judicata*, he is similarly precluded from litigating the suit in federal court." *Ibid.* (quotations omitted). The Court will "'look to the state's law to assess the preclusive effect it would attach to that judgment.'" *Ibid.*

Under Michigan law, "[r]*es judicata* applies if '(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Allen Park Retirees Association, Inc. v. City of Allen Park*, --- Mich. App. ---, --- N.W.2d ---, No. 341567, 2019 WL 3806250, at *6 (Mich. Ct. App. Aug. 13, 2019) (quoting *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004)). "'Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding.'" *Ibid.* (quoting *Leahy v. Orion Twp.*, 269 Mich. App. 527, 530, 711 N.W.2d 438, 441 (2006)). "Unlike *res judicata*, which precludes relitigation of claims, collateral estoppel prevents relitigation of issues, which presumes the existence of an issue in the second proceeding that was present in the first

proceeding." *Ibid.* (citations omitted). "'Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel.'" *Ibid.* (quoting *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 682-84, 677 N.W.2d 843, 845-46 (2004)).

Even if this lawsuit is not barred by the *Rooker-Feldman* doctrine, the claims certainly are precluded by *res judicata*, because the same takings, due process, and excessive fines claims were raised, or could have been raised, in the prior state court lawsuit, which was resolved by a final judgment that was affirmed on appeal. All of the elements for claim preclusion plainly are satisfied here. The prior state court lawsuit was decided on the merits when the trial court issued a written opinion addressing and rejecting all of the pleaded claims, and that decision later was affirmed on appeal. Both actions involved the same parties, because both were suits by the plaintiff against Oakland County.

Although the plaintiff also has named the City of Southfield and its Redevelopment Initiative in the suit before this Court, they stand in privity with the County as its successors in interest. "In order to find privity between a party and a nonparty, Michigan courts require both a substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation." *Peterson Novelties, Inc. v. City of Berkley*, 259 Mich. App. 1, 13, 672 N.W.2d 351, 359 (2003). It is well settled under Michigan law that in a dispute over interests in real property, privity embraces a successor in interest by purchase from a party to a prior action for possession. *Id.* at 13 n.9, 672 N.W.2d at 359 n.9 ("[E]ven if Barman was not the owner at the relevant time, a privy includes one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment

through one of the parties, as by inheritance, succession, or purchase.") (citing *Wildfong v. Fireman's Fund Ins. Co.*, 181 Mich. App. 110, 448 N.W.2d 722 (1989)).

Finally, the constitutional claims pleaded in the present complaint all were or could have been raised in the prior case, and all were adjudicated adversely to the plaintiff. Those included the principal claim to which the plaintiff now clings, which is that the forfeiture constituted an "excessive fine" in violation of the Michigan and federal constitutions. Am. Compl. ¶¶ 67-68, *Rose v. Oakland County*, No. 160234 (Oakland Cty. Cir. Ct.) (ECF No. 4-2, PageID.212).

The plaintiff contends that *res judicata* should not apply because of a purported "shift in the landscape of forfeiture law" after the Supreme Court's decision in *Timbs v. Indiana*, --- U.S. ---, 139 S. Ct. 682 (2019), where the Court held that the Excessive Fines Clause of the Eighth Amendment is incorporated against the states through the Fourteenth Amendment Due Process Clause and governs challenges to civil *in rem* forfeiture proceedings initiated as a result of state court criminal convictions. But that decision was issued in February 2019, two months before the Michigan Court of Appeals issued its order denying the plaintiff's application to appeal for want of merit. The plaintiff never pursued an appeal of that denial in the Michigan Supreme Court, and she has not explained why she could not or did not fully litigate the Excessive Fines Clause claim premised on the supposed "sea change" wrought by *Timbs* in the Michigan Court of Appeals or in an appeal from its ruling to the Michigan Supreme Court. Moreover, however novel may be the incorporation of the Excessive Fines Clause against the States, nothing in *Timbs* suggests that it has any impact on the law applicable in this case, which relates to a tax foreclosure of real property, because, "[g]iven that the [Eighth] Amendment is addressed to bail, fines, and punishments, [the Supreme Court's] cases long have understood it to apply primarily, and perhaps exclusively, to

criminal prosecutions and punishments." *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 262 (1989).

Because all of the claims pleaded actually were litigated between the same parties in a prior lawsuit, and finally were decided adversely to the plaintiff by the decisions of the state courts, the plaintiff is precluded from re-litigating them another time in this Court.

C.

Earlier this week, the plaintiff filed a motion for leave to amend her complaint further. The proposed second amended complaint raises three new points. The plaintiff contends first that the foreclosure judgment never should have been entered because including her property in the bulk foreclosure petition filed under Michigan Compiled Laws § 211.78h(1) violated section 211.78q(5), which prohibits disproportionate payments in the final year of a repayment plan. She also alleges that the foreclosure judgment "was procured by breaking law [and therefore] is effectively fraud on the court that renders the Judgement of Foreclosure dated February 8, 2017 either Void Ab Initio or voidable." And she points to a case pending in the Michigan Supreme Court, which challenges the Michigan tax foreclosure procedure that allows municipalities to retain the equity in foreclosed property in excess of the delinquent taxes due.

Motions to amend before trial are governed by Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) requires a party seeking to amend its pleadings at this stage of the proceedings to obtain leave of court. Although Rule 15(a)(2) says that "[t]he court should freely give leave when justice so requires," amendments may be denied on the basis of . . . futility of the proposed new claim . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997). Sensibly, a court may deny the motion to amend if it concludes that the pleading as amended could not withstand a

motion to dismiss. That saves the parties and the court the expense of having to confront a claim doomed to failure from its outset. *Head v. Jellico Housing Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)).

The proposed second amended complaint suffers from the same faults as its earlier counterparts. Although the proposed amendment points out further defects in the foreclosure judgment (one of which is that the judgment should be "either Void Ab Initio or voidable"), it nonetheless is still an attack on that judgment that cannot be raised before a federal district court, and could have been raised in the earlier state court proceedings. The proposed amendment does nothing to boost the plaintiff over the hurdles imposed by the *Rooker-Feldman* and preclusion doctrines discussed above.

The plaintiff expresses hope for a favorable state supreme court decision that would invalidate the County's retention of excess equity in foreclosed property. That indeed may provide her some relief from the foreclosure judgment, but that relief must be sought in the state courts through an appropriate motion. *See* Mich. Ct. R. 2.612. But even then, this court must honor the state courts' interest in the finality of their own judgments. *See King v. McPherson Hosp.*, 290 Mich. App. 299, 304, 810 N.W.2d 594, 595 (2010) (holding that a "plaintiff cannot obtain relief from a final judgment under MCR 2.612(C)(1)(f) based upon a partially retroactive change or clarification in the law because, as explained below, both the Michigan and United States Supreme Court, as well as our Court, have held that even a case given full retroactivity does not apply to a closed case"). A separate lawsuit in federal court would trench upon those rules and amount to little more than an appeal — well out of time — of the state judgment.

Because the proposed amendment is futile, leave to amend will be denied.

III.

The Court does not have subject matter jurisdiction over the claims pleaded in this lawsuit because the action is barred by the *Rooker-Feldman* doctrine.  Moreover, the plaintiff is barred by claim- and issue-preclusion principles from relitigating the propriety of the defendants' right to possession and title of her home, which conclusively was settled by the prior judgment of foreclosure.  And the plaintiff may not again challenge the fairness of that procedure because she raised those same claims unsuccessfully in a lawsuit filed in the state court.

Accordingly, it is **ORDERED** that the defendants' motions to dismiss the amended complaint (ECF No. 4, 13, 15, 29) are **GRANTED**.

It is further **ORDERED** that the City of Southfield's motion to strike the amended complaint (EFC No. 19) is **DISMISSED as moot**.

It is further **ORDERED** that the plaintiff's motion for leave to file a second amended complaint (EFC No. 29) is **DENIED**.

It is further **ORDERED** that the amended complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:   February 21, 2020

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 21, 2020.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI